**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**JOHN TAYLOR,**

        **Plaintiff,**

**v.**                                                                              **No. 08-2244**

**MERCK & CO., INC.,**

        **Defendant.**

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR**
**NONCOMPLIANCE WITH DISCOVERY ORDERS**

      Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Noncompliance with Discovery Orders. (D.E. #20). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for a Report and Recommendation. For the reasons set forth herein, the Court RECOMMENDS that Defendant's motion be GRANTED.

**I. Introduction**

      This case arises from allegations that Plaintiff developed Stevens-Johnson syndrome as a result of the use of Indocin, a product developed and manufactured by Defendant for treatment of rheumatoid arthritis and other joint ailments. On April 21, 2008, Defendant filed a Notice of Removal to this Court. On April 23, 2008, Defendant filed its Answer to Plaintiff's Complaint.

      On August 28, 2008, Defendant filed a Motion to Dismiss for Insufficiency of Service of Process ("Motion to Dismiss"). No response was filed within the thirty day period as allowed by Local Rule 7.2. On October 7, 2008, Defendant filed a Motion for Order to Show Cause for

Plaintiff's Failure to Respond to Motion to Dismiss ("Motion for Order to Show Cause"). On October 30, 2008, United States District Judge Samuel H. Mays held a Scheduling Conference at which he ordered the response to the Motion to Dismiss to be due on November 7, 2008. On November 6, 2008, Defendant filed a Response to the Motion to Dismiss and Motion for Order to Show Cause. On February 5, 2009, the District Court denied Defendant's Motion for Order to Show Cause and Defendant's Motion to Dismiss.

On March 6, 2009, the District Court held a status conference and granted the parties' Joint Motion for Entry of a Revised Scheduling Order. Pursuant to the Revised Scheduling Order, both parties were required to produce Rule 26 initial disclosures by March 11, 2009. Plaintiff failed to provide the initial disclosures on or before this date.

On April 2, 2009, Defendant served its First Set of Interrogatories and First set of Requests for Production on Plaintiff. Plaintiff's responses were initially due on or before May 6, 2009, but Defendant agreed to an extension of time up to and including May 21, 2009 in which to respond.

On April 22, 2009, Plaintiff had yet to produce the initial disclosures, and Defendant filed a Motion to Compel the initial disclosures. On May 13, 2009, the Court granted Plaintiff's Motion to Compel, ordering Plaintiff to provide the initial disclosures within eleven days of the entry of the order. In the Order Granting Defendant's Motion to Compel, the Court specifically warned Plaintiff that, "henceforth, failure to comply with proper discovery requests or orders of this court will lead to dismissal of his Complaint."

On May 27, 2009, Defendant filed the instant Motion to Dismiss for Noncompliance with Discovery Orders. As of that date, Plaintiff had neither provided his initial disclosures nor his

2

responses to Defendant's First Set of Interrogatories and Requests for Production. Furthermore, Plaintiff has not filed any response to the instant motion.

## II. Analysis

Under Rule 37 of the Federal Rules of Civil Procedure, if a party or a party's officer fails to obey an order to provide or permit discovery, the Court where the action is pending may enter further just orders, including an order dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). The United States Court of Appeals for the Sixth Circuit has held that the district court has discretion to dismiss a complaint where the plaintiff has ignored court orders despite a warning from the court that dismissal could result from failure to comply. Bass v. Jostens, Inc., 71 F.3d 237, 241-43 (6th Cir. 1995) ("where a party demonstrates bad faith by failing to meet dates set by the Court for compliance with discovery, despite being warned about possible sanctions, the Court does not abuse its discretion in finding that such callous disregard of discovery orders justifies dismissal." (internal quotations and citations omitted)).

In the instant case, Plaintiff has repeatedly failed to obey the orders of the Court, the Federal Rules of Civil Procedure, and the Local Rules. First, Plaintiff failed to obey the Revised Scheduling Order by not providing its initial disclosures by March 11, 2009. Next, Plaintiff failed to respond to Defendant's First Set of Interrogatories and Requests for Production within thirty days as required by Rules 33 and 34 of the Federal Rules of Civil Procedure. After the Court entered its Order Granting Defendant's Motion to Compel, which warned that failure to comply will lead to dismissal of the Complaint, Plaintiff failed to provide either the initial disclosures or responses to the First Set of Interrogatories and Requests for Production. Finally, Plaintiff has failed to file any response to the instant motion, as required by Local Rule 7.2.

As such, the Court RECOMMENDS that Defendant's Motion to Dismiss for Noncompliance with Discovery Orders be GRANTED in accordance with Rule 37(b)(2)(A)(v) and in accordance with the Court's May 13, 2009 admonition that any further failures to comply with court orders will result in the dismissal of the Complaint.

### III.  Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Defendant's Motion to Dismiss for Noncompliance with Discovery Orders be GRANTED.

**IT IS SO ORDERED** this 6th day of July, 2009.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
