**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **JOHN TAYLOR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **Case No.: 2:08-cv-02244-SHM-cgc** |
| | ) |
| **MERCK & CO., INC.,** | )      **JURY DEMAND** |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**OR, IN THE ALTERNATIVE,**
**MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

COMES NOW Defendant Merck and Co., Inc. ("Merck"), and files this Memorandum of Law in Support of its Motion for Summary Judgment or, in the alternative, Motion to Dismiss for Failure to Prosecute pursuant to Local Rule 7.2  As explained fully below, Merck is entitled to summary judgment because Plaintiff has not produced expert evidence that Indocin is in any way defective and thus cannot create a genuine issue of material fact.  In the alternative only, Plaintiff's complaint should be dismissed with prejudice because Plaintiff has failed to prosecute this case as demonstrated by his repeated and willful violation of court orders.

**I.     STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff's complaint alleges that he was prescribed and ingested Indocin and subsequently developed Stevens-Johnson syndrome as a result.  Complaint at ¶¶ 6-7.  Plaintiff further alleges that Merck, the manufacturer of Indocin, did not provide adequate warning of Indocin's possible association with Stevens-Johnson syndrome.  Complaint ¶¶ 10-14.  Pursuant to the March 6, 2009 order of this Court (Docket No. 22), Plaintiff was required to produce expert disclosures on or before

June 30, 2009.  To date, Plaintiff has failed to produce expert disclosures or otherwise identify any expert testimony in this case.

## II.   LAW AND ARGUMENT

Merck is entitled to summary judgment on all of the Plaintiff's claims because Plaintiff has not produced any evidence that Indocin was defective, an essential element of his claim.  In the alternative only, Plaintiff's complaint should be dismissed with prejudice for failure to prosecute as evidenced by his refusal to participate in the discovery process and flagrant violation of this Court's orders as well as the Rules of Civil Procedure.

### A.   Standard For Summary Judgment

As this is a diversity action, Tennessee substantive law applies. *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003). Procedurally, federal standards for summary judgment govern. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir.2001).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp*., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its

complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**B.      Summary Judgment Is Appropriate Because Plaintiffs Cannot Meet Their Burden Under Tennessee Products Liability Law as it Relates to Prescription Pharmaceuticals**

All of Plaintiff's claims against Merck are covered under the Tennessee Product Liability Act of 1978, Tenn.Code Ann. § 29-28-101 *et seq.* ("TPLA").[1]  *See Fulton v. Pfizer Hosp. Products Group, Inc.,* 872 S.W.2d 908, 911 (Tenn.App.1993).   To prevail under the TPLA, Plaintiff must show that Indocin was "in a defective condition or unreasonably dangerous." T.C.A. § 29-28-105(a).  Tennessee law requires that a plaintiff produce expert testimony to prove that a complex medical product is defective.  *See Fulton.,* 872 S.W.2d at 911 (overturning a jury verdict and dismissing case against defendant manufacturer where plaintiff failed to come forward with expert testimony that the device at issue was defective); *King v. Danek Medical,* 37 S.W.3d 429, 444 (Tenn.App. 2000) (affirming summary judgment and finding that "generalized testimony regarding theoretical defects" could not compensate for plaintiffs' lack of expert medical opinion identifying specific defects in the medical device).  Because Plaintiff here has failed to come forward with any expert testimony that Indocin is in any way defective, he cannot prove an essential element of his claim and summary judgment is appropriate.  *See id.; see also Cooper v. Memphis Area Medical Center for Women, Inc.*  2006 WL 2524104 at * 3 (W.D.Tenn. 2006) (granting summary judgment where plaintiff did not produce required expert testimony).

---

[1] Tenn.Code Ann. § 29-28-102(6) defines "product liability" to include any claim included in Plaintiff's' complaint: "Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: *strict liability in tort; negligence; breach of warranty, express or implied*; *breach of or failure to discharge a duty to warn or instruct*, whether negligent or innocent; misrepresentation, concealment, or nondisclosure, whether negligent or innocent; *or under any other substantive legal theory in tort or contract whatsoever*." (emphasis added).

**C.**     <u>In the Alternative Only, Plaintiff's Complaint Should Be Dismissed with Prejudice for Failure to Prosecute.</u>

In the alternative only, Plaintiff's complaint should be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Rule 41(b) confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court. *Knoll v. AT & T,* 176 F.3d 359, 362-63 (6th Cir.1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (affirming dismissal with prejudice for failure to prosecute).  Plaintiff's repeated disobedience with procedural rules and Court orders mandates dismissal with prejudice.

United States Magistrate Judge Charmaine G. Claxton recently summarized Plaintiff's multiple violations of the Rules of Civil Procedure and Orders of this Court in the July 6, 2007 Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint for Noncompliance with Discovery Orders ("Magistrate Report") (Docket #32).  Magistrate Judge Claxton found that:

    (1) "Plaintiff failed to obey the Revised Scheduling Order by not providing its initial disclosures by March 11, 2009" (Magistrate Report at 4);

    (2) "Plaintiff failed to respond to Defendant's first Set of Interrogatories and Requests for Production within 30 days as required by Rules 33 and 34 of the Federal Rules of Civil Procedure" (Magistrate Report at 4);

    (3) "After the Court entered its Order Granting Defendant's Motion to Compel, which warned that failure to comply will lead to dismissal of the Complaint, Plaintiff failed to

provide either the initial disclosures or responses to the First Set of Interrogatories and

Requests for Production" (Magistrate Report at 4);

(4)  Plaintiff has failed to respond to dispositive motions as required by Local Rule 7.2

(Magistrate Report at 4).

Based on these violations, Magistrate Judge Claxton recommended that Plaintiff's case be

dismissed under Rule 37 of the Federal Rules of Civil Procedure.

The Sixth Circuit Court of Appeals applies a four-factor test when analyzing dismissal

under Rule 41(b):  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2)

whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed

party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

sanctions were imposed or considered before dismissal was ordered.  *Knoll,* 176 F.3d at 363 (6th

Cir.1999).[2]  "Although typically none of the factors is outcome dispositive, it is said that a case is

properly dismissed by the district court where there is a clear record of delay or contumacious

conduct."  *Id.*  (dismissing the plaintiff's complaint based on clear record of delay and

contumacious conduct alone).

In a case similar to this one, *Harmon v. CSX Transport, Inc.*, 110 F.3d 364 (6th Cir. 1995),

the court applied the four-factor test and held that the district court did not abuse its discretion when

it dismissed the plaintiff's complaint with prejudice for failure to prosecute and to comply with an

order of the court.  The plaintiff in *Harmon* failed to respond fully and completely to discovery

---

[2] Notably, these are virtually identical to the four factors used to analyze dismissal under Rule 37.  *See Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (analyzing dismissal under Rule 37 under the following four factors:  (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.)  As discussed above, Magistrate Judge Claxton has already recommended dismissal pursuant to Rule 37.

requests.  *Id.* at 365-66.  The defendant then filed a motion to compel which the court granted

ordering the plaintiff to respond to the discovery requests by a set date.  *Id.* at 365-66.  The plaintiff

did not respond to discovery by the court-ordered deadline and the defendant brought a motion to

dismiss under Rules 37 and 41(b) of the Federal Rules of Civil Procedure.  *Id.* at 365-66.

Considering this record, the Sixth Circuit Court of Appeals affirmed the district court's dismissal

with prejudice concluding:

> Harmon failed to respond to the amicable requests of CSXT's counsel, he failed to
> respond to CSXT's motion to compel, and he failed to comply with the district
> court's November 2, 1995, order. To make matters worse, Harmon then failed to
> respond to the motion to dismiss, even after the district court was gracious enough to
> grant him an extension of time. This record is more than adequate to establish that
> Harmon's counsel was stubbornly disobedient and willfully contemptuous. It is, in
> short, a clear record of delay and contumacious conduct.

*Id.* at 368.

Plaintiff's actions in this case mirror those of the plaintiff in *Harmon* and demonstrate the

same clear record of delay and contumacious conduct.  Furthermore, there can be no doubt that

Merck has been prejudice by Plaintiff's actions.  Merck has not only been unable to secure the

information requested, but also required to waste time, money, and effort in pursuit of cooperation

which Plaintiff was legally obligated to provide.  Moreover, this Court's explicit warning to

Plaintiff that his case would be dismissed if he violated this Court's orders or failed to respond to

discovery provided ample warning to Plaintiff of possible dismissal.  In short, Plaintiff here has

made no attempt to cooperate with either this Court or Merck to prosecute a case he voluntarily

filed despite clear warning that dismissal would occur if Plaintiff continued to neglect his duties.

This Court is well within its discretion to dismiss Plaintiff's complaint with prejudice under rule

41(b).

III.    **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that this Court grant it summary judgment on all claims.  Plaintiff cannot prove that Indocin was either unreasonably dangerous or defective. This failing is fatal to Plaintiff's claim, and summary judgment should be granted in Merck's favor.  In the alternative, Plaintiff's Complaint should be dimissed with prejudice for Plaintiff's failure to prosecute his case.

DATED this 13th day of July, 2009.

Respectfully submitted,

s/ Charles C. Harrell
CHARLES C. HARRELL (#5886)
LISA M. MARTIN (#23314)
BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone:  (901) 680-7200
Facsimile:  (901) 680-7201
Counsel for Defendant Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via ECF, upon the following counsel of record:

Javier Michael Bailey
THE WALTER BAILEY LAW FIRM
100 N. Main, Suite 3002
Memphis, TN 38103

ATTORNEYS FOR THE PLAINTIFF

on this 13th day of July, 2009.

s/  Lisa M. Martin

Memphis 1285690v.1