# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN TAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:08-cv-02244-SHM-cgc |
| | ) |
| MERCK & CO., INC., | )       JURY DEMAND |
| | ) |
|     Defendant. | ) |

## MOTION FOR EXTENSION OF TIME IN WHICH TO PRODUCE EXPERT DISCLOSURES

COMES NOW Defendant Merck and Co., Inc. ("Merck"), by and through counsel, and moves for an extension of time in which to produce its expert disclosures. In support of this motion, Merck shows the following:

1. Pursuant to the March 6, 2009 order of this Court (Docket No. 22), Plaintiff was required to produce expert disclosures on or before June 30, 2009 and Merck was required to produce expert disclosures on or before July 30, 2009. To date, Plaintiff has neither filed nor served: (1) his initial disclosures; (2) his responses to Merck's discovery requests; or (3) his initial disclosures. As argued in Merck's pending motion for summary judgment (Docket No. 33), Plaintiff's failure to produce expert testimony results in his inability to satisfy an essential element of his claim. As set forth in detail in Merck's memorandum of law in support of summary judgment, summary judgment is appropriate on Plaintiff's claims and this action should be dismissed with prejudice.

2. Notwithstanding that fact that this case is appropriate for summary judgment, Plaintiff's failure to produce any information regarding his claim has made it virtually impossible for Merck to designate an expert in this matter. Therefore Merck requests an extension of time in which to file its

expert disclosures. In the event that this case is not dismissed, Merck requests 30 days after Plaintiff is ordered to file his expert disclosures in which to file its own expert disclosures.

WHEREFORE, PREMISES CONSIDERED, defendant Merck moves the Court to enter an order:

    a. Allowing Merck thirty (30) days after Plaintiff is ordered to produce his expert disclosures it which to file its own expert disclosures provided Merck's currently pending motion for summary judgment is not granted; and

    b. Granting any other relief the Court deems just and proper.

DATED this 29th day of July, 2009.

    Respectfully submitted,

    s/ Lisa M. Martin
    CHARLES C. HARRELL (#5886)
    LISA M. MARTIN (#23314)
    BUTLER, SNOW, O'MARA,
    STEVENS & CANNADA, PLLC
    6075 Poplar Avenue, Suite 500
    Memphis, Tennessee 38119
    Telephone: (901) 680-7200
    Facsimile: (901) 680-7201
    Counsel for Defendant Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served via ECF, upon the following counsel of record:

      Javier Michael Bailey
      THE WALTER BAILEY LAW FIRM
      100 N. Main, Suite 3002
      Memphis, TN 38103

      ATTORNEYS FOR THE PLAINTIFF

on this 29th day of July, 2009.

                                                  s/  Lisa M. Martin

      Memphis 1322979v.1