```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                            WESTERN DIVISION


John Taylor,                      )
                                  )
                                  )
                                  )
                                  )
     Plaintiff,                   )    Case No. 08-2244
                                  )
v.                                )
                                  )
Merck & Co., Inc.,                )
                                  )
                                  )
                                  )
                                  )
     Defendant.                   )
```

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMMARY JUDGMENT**

Before the Court is Defendant Merck & Co., Inc.'s motion for summary judgment. Merck originally filed its motion and statement of undisputed material facts on July 13, 2009. Taylor did not respond to the motion. On October 1, 2009, this Court issued an order requiring Taylor to show cause why this Court should not grant Merck's motion for summary judgment. The time period for Taylor to respond to the show cause order expired on October 13, 2009. For the following reasons, Merck's motion for summary judgment is GRANTED.

I.   Factual Background

On March 11, 2008, Taylor filed the instant product liability action against Merck in the Circuit Court of Shelby County, Tennessee, seeking $4.5 million in compensatory damages and $1 million in punitive damages. (Compl. at 3-4.)  Merck removed the suit on April 22, 2008, under this Court's diversity jurisdiction.[1]  See 28 U.S.C. § 1332(a)(1).

Taylor's suit alleges that in November 2006 his physician prescribed Merck's drug Indocin to treat Taylor's rheumatoid arthritis "and other inflammations of joints in his extremities."  (Compl. ¶ 6.)  By March 2007, Taylor asserts that he had developed Stevens-Johnson syndrome, a rare skin disorder in which rashes form on the skin as a precursor to the death of the skin's top layer.  (Compl. ¶ 7.)  Stevens-Johnson syndrome generally requires hospitalization and most commonly results from a severe allergic reaction to something with which the patient has come into contact.  See Stevens-Johnson Syndrome, http://www.mayoclinic.com/health/stevens-johnson-syndrome/DS00940 (last visited Oct. 15, 2009).  Taylor states the he has suffered permanently degraded vision as a

---

[1] Taylor is a resident of Olive Branch, Mississippi, and Merck is a Delaware corporation.  (Compl. ¶¶ 1-2.)

2

result of his bout with Stevens-Johnson. (Compl. ¶ 8.) The suit alleges that Indocin caused him to develop Stevens-Johnson syndrome and that Merck was aware of the propensity of Indocin to bring about such severe allergic reactions. (Compl. ¶¶ 7, 9.) Taylor argues that Merck is liable for its failure to warn of this known potential side effect. (Compl. ¶¶ 9-11, 13.)

In its statement of undisputed material facts, Merck acknowledges the allegations contained in Taylor's complaint. (Defendant's Statement of Undisputed Facts ¶¶ 1-2.) Merck notes, however, that Taylor has failed to respond to this Court's order of March 6, 2009, requiring Taylor to submit a list of his proposed expert witnesses before June 30, 2009. (Id. ¶ 4.) Merck argues that Taylor's failure to submit the names of any experts who will testify as to defectiveness fatally undermines his claim under Tennessee law. (Defendant's Motion for Summary Judgment at 3.) ("Def's Mot.")

**II. Standard of Review**

In a diversity action, this Court applies the substantive law of the forum state to resolve the underlying legal dispute. Gahafer v. Ford Motor Co., 328 F.3d 859, 861 (6th Cir. 2003). Tennessee law, therefore, will govern the adjudication of Taylor's substantive

3

claims. However, the Federal Rules of Civil Procedure continue to govern all procedural issues, including the standard this Court must apply for summary judgment. Gafford v. General Elec. Co., 997 F.2d 150, 165-66 (6th Cir. 1993).

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the summary judgment motion opponent. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must

4

"do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmovant must present "concrete evidence supporting . . . [his] claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). The nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor. See id.

**III. Analysis**

Merck argues that its drug Indocin is a complex medical product so that the research process Merck undertook to create it is not within the knowledge of the average layman. (Def's Mot. at 3.) Merck asserts that Tennessee law requires that in such situations a plaintiff must provide expert testimony to establish that the product was unreasonably dangerous or defective. Because Taylor has failed to submit the name of any expert who will

5

testify that Indocin is defective, Merck argues that Taylor's claim must fail as a matter of law. (Id.)

Taylor's suit alleges that Merck failed to warn of the known risk that those taking Indocin might develop Stevens-Johnson syndrome. (Compl. ¶¶ 10, 13.) A lawsuit alleging that the manufacturer of a product is liable under a failure to warn theory must meet the requirements of the Tennessee Products Liability Act of 1978. See Tenn. Code Ann. § 29-28-102(6) (stating that a "[p]roduct liability action . . . includes all actions brought for . . . breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent"). Under Tennessee law, a manufacturer is "not [] liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer." Id. § 29-28-105(a). In other words, "an injury of itself is not proof of a defect and thereby raises no presumption of defectiveness." Fulton v. Pfizer Hosp. Prods. Group, Inc., 872 S.W.2d 908, 911 (Tenn. Ct. App. 1993) (citations omitted). Courts consider "the state of scientific and technological knowledge available to the manufacturer or seller at the time the product was placed on the market" in determining whether a product is

6

defective. Tenn. Code Ann. § 28-29-105(b). Industry custom also factors into the analysis. Id.

However, where "'neither lay people nor courts possess reliable common knowledge,'" a plaintiff must proffer expert testimony to prove defectiveness. Fulton, 872 S.W.2d at 912 (quoting German v. Nichopoulas, 577 S.W.2d 197, 202 (Tenn. Ct. App. 1978)). "[C]omplex medical device[s]" are one product category where Tennessee courts require expert testimony. Id. Where the plaintiff fails to produce expert testimony, a court must dismiss his claim because no valid proof exists that the product is defective. Id.

Taylor's suit asks a trier of fact to determine whether Indocin was unreasonably dangerous. Acceptable risk tolerances for prescription medications are not within a layman's common knowledge. Therefore, Tennessee law requires Taylor to proffer expert testimony on 1) what the acceptable rate of risk was; 2) what level of risk would require a manufacturer to issue a warning; and 3) whether Merck failed to heed these standards in developing and marketing Indocin. See id.; see also Tenn. Code Ann. § 29-25-105(b) (requiring courts to consider the state of scientific knowledge available to the manufacturer). Because Taylor has failed to designate any experts he

7

intends to have testify in support of his suit, he cannot prove that Indocin was defective, an essential element of his cause of action.  <u>Fulton</u>, 872 S.W.2d at 911-12.  Merck, therefore, is entitled to summary judgment.  <u>See</u> <u>Cincom Sys. v. Novelis Corp.</u>, No. 07-4142, __ F.3d __, 2009 U.S. App. LEXIS 21172, at *7 (6th Cir. Sept. 25, 2009) (where only issues of law remain, summary disposition is appropriate).

### IV. Conclusion

Merck's motion for summary judgment against Taylor is GRANTED.

So ordered this 16th day of October, 2009.

>                             s/ Samuel H. Mays, Jr.
>                             SAMUEL H. MAYS, JR.
>                             UNITED STATES DISTRICT JUDGE